[657 NYS2d 93]

In the Matter of JEFFREY S. DUBIN (Admitted as JEFFREY STU-ART DUBIN), an Attorney, Respondent. GRIEVANCE COMMIT-TEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 5, 1997

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Michael L. Epstein* of counsel), for petitioner.

*Bartels & Feureisen, L. L. P.,* White Plains *(David Gordon* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains two charges of professional misconduct

against the respondent. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent joins in the Grievance Committee's motion, and asks that the Court not impose any discipline more severe than censure.

Charge One alleges that the respondent has been convicted of a crime as hereinafter specified:

A criminal information was filed in the United States District Court, Eastern District of New York, charging the respondent with one count of failing to report financial transactions in violation of 29 USC § 1023 (a) (1) (A) and (b) (3) (D) and (H), a class A Federal misdemeanor. On February 25, 1994, the respondent pleaded guilty to the aforesaid criminal information. On November 17, 1995, the respondent was sentenced to two years' probation and 200 hours per year of community service, and a $5,000 fine was imposed. In addition, the respondent must refrain from representing ERISA funds for five years, except with regard to collection matters.

Charge Two alleges that, by reason of the foregoing, the respondent has engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3).

In response, the respondent admitted the allegations contained in the petition.

In view of the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained both charges.

In determining an appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including his previously unblemished record, his expressed remorse, his *pro bono* services to the poor and to his alma mater, and his cooperation with the United States Attorney's successful prosecution of others. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jeffrey S. Dubin, is censured for his professional misconduct.